# United States District Court

__MIDDLE__ DISTRICT OF __ALABAMA__

UNITED STATES OF AMERICA

v.

**TERESO RODRIGUEZ-LOPEZ**

**CRIMINAL COMPLAINT**

CASE NUMBER: 2:05mj63-B

(Name and Address of Defendant)

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about __April 19, 2005__ in __Montgomery__ county, in the __Middle__ District of __Alabama__ defendant(s) did, (Track Statutory Language of Offense)

knowingly and intentionally possess with intent to distribute cocaine, a Schedule II Controlled Substance,

in violation of Title __21__ United States Code, Section(s) __841(a)(1)__

I further state that I am a(n) __Task Force Agent/HIDTA__ and that this complaint is based on the following facts:
Official Title

See Attached Affidavit hereby incorporated by reference as if fully restated herein.

Continued on the attached sheet and made a part hereof: ☒ Yes ☐ No

_____
Signature of Complainant

Sworn to before me and subscribed in my presence,

April 22, 2005                              at       Montgomery, Alabama
Date                                                  City and State
Delores R. Boyd
United States Magistrate Judge
_____          _____
Name & Title of Judicial Officer                Signature of Judicial Officer

## AFFIDAVIT

Affiant Joe Herman, being duly sown, deposes and says:

1. I am an Alabama State Trooper, assigned as an Agent for the Alabama Bureau of Investigation's Narcotics Operations Service, and detailed to the Major Investigation Team of the High Intensity Drug Trafficking Area Task Force (HIDTA), which are both located at the Investigative Operations Center in Montgomery, Alabama. I am cross-designated and federally deputized by the United States Drug Enforcement Administration (DEA) which empowers me with authority under Title 21 of the United States Code. I have twenty-two years of law enforcement experience in which the past twelve have been extensively directed in narcotics investigations. The facts and information in this affidavit are based on my personal knowledge and the knowledge of other law enforcement officers.

2. On April 19, 2005, at about 4:10 p.m., Alabama State Trooper Jessie Peoples stopped a Ford Crown Victoria near the 165-mile marker on Interstate 65. According to Trooper Peoples, the Ford was traveling northbound and the traffic stop was initiated because the driver was speeding at 68-mph in a 50-mph zone. Upon making contact with the driver identified as Tereso Rodriguez-Lopez, Trooper Peoples explained to Lopez that he was speeding at 68-mph in a 50-mph zone.

3. Trooper Peoples and Lopez returned to the patrol car where Trooper Peoples issued Lopez a warning citation for speeding. Trooper Peoples engaged Lopez in conversation relative to the vehicle Lopez was driving, Lopez's travel itinerary, and also about Lopez's recent border crossing into Mexico. During the conversation, Trooper Peoples asked Lopez for his consent to search his vehicle. Lopez agreed and Trooper Peoples executed a standard departmental Consent to Search form (in Spanish). Lopez subsequently read and then signed the form.

4. Trooper Jason Burch arrived a short time later to assist Trooper Peoples. While doing so, he was able to probe an area of the vehicle's firewall. During that probe, Trooper Peoples discovered a white powdery residue that he believed to be cocaine. Trooper Peoples then contacted your affiant who responded to the scene of the traffic stop with Task Force Officer (TFO) Scott

Edwards.

5. Upon arrival, your affiant met with Troopers Peoples and Burch and conducted a field test on the substance that Trooper Peoples believed to be cocaine. That field test confirmed that the substance was cocaine. Consequently, Lopez was arrested and transported to the Montgomery HIDTA office for questioning. A complete search of Lopez's vehicle at the Alabama State Trooper automotive shop in Montgomery, Alabama, disclosed 16 bundles of various sizes wrapped in black electrical tape. These bundles were found in the front firewall area of Lopez's vehicle which was the same area that was probed by Trooper Peoples. A preliminary gross weight of all 16 bundles was determined to be 19.6 pounds.

6. At the HIDTA office, Lopez was advised of his rights in Spanish by TFO Francisco Aponte. Lopez acknowledged understanding his rights waived his right to remain silent and agreed to be interviewed. During Lopez's interview, he acknowledged that he was bringing "something" to a person named George who lived in Wilson, North Carolina. Lopez said that he did not know what the "something" was but thought the "something" was illegal because he (Lopez) was being paid $2,000.00 for his trip.

Based upon the aforementioned, your affiant believes there is probable cause to believe Tereso Rodriguez-Lopez has committed violations of federal law, including Title 21, United States Code, Section 841, and others.

Joe Herman, Agent
Alabama Bureau of Investigation

Subscribed and sworn to before me on this the 22nd day of April, 2005.

DELORES R. BOYD
United States Magistrate Judge

2