IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v | ) | CR. NO. 2:05-MJ-00063-B |
| | ) | WO |
| TERESO RODRIGUEZ-LOPEZ | ) | |

### ORDER and OPINION ON MOTION FOR DETENTION

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), the court conducted a detention hearing on May 16, 2005, pursuant to the Government's *Motion for an order of detention,* included in its *Motion for Detention Hearing* (Doc.#4, April 26, 2005).  Based upon consideration of the evidence and arguments presented, the Court concludes that the defendant should be detained pending trial in this case.

### Part I -- Findings of Fact

There is probable cause to believe that the defendant has committed an offense for which the maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. § 846.  He is charged in a criminal complaint with knowingly and intentionally possessing with intent to distribute approximately 19 pounds of cocaine having a value of $180,000.00.  The Court finds that testimony offered by the defendant does not rebut the presumption established by this finding that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.  There is a serious risk that the defendant will not appear, and the quantity of narcotics found in his possession poses reasonable concerns regarding his dangerousness to the community.

### Part II - Written Statement of Reasons for Detention

The Court has duly considered all the evidence proffered concerning the nature and circumstances of the drug offense charged, the weight of the evidence against the defendant, and his background as a legal alien since 1988 who has resided continuously with his wife and children in Alvin, Texas without any history of violent crimes.  He reports self-employment selling cars and

working as a carpenter on construction-related jobs which require frequent weeks or months of absence from his home.

The evidence reflects defendant's compliance and lack of firearms during the entirety of his encounter with the state trooper who stopped him for speeding – a traffic stop the validity of which was not contested – and with the Alabama Bureau of Investigations narcotics agent who assisted with the vehicular search which uncovered 16 bundles of cocaine weighing more than 19 pounds and having a market value exceeding $180,000.00. When stopped, the defendant, traveling alone, was driving a car not registered to him. The quantity of drugs in his possession prompts serious concerns about his dangerousness notwithstanding the absence of any criminal record involving violence and the fact that more than 10 years have lapsed since his last criminal encounter relating to credit card abuse. While the defendant has 7 children, 5 of whom reside with him, he also has parents and 12 siblings living in Mexico, within 9 to 12 hours away from his residence in Alvin, Texas. Uncontradicted testimony established his frequent travels to Mexico to visit family and to accompany his wife for monthly medical appointments on at least three occasions in 2004 and three since February 2005; additional evidence established his border crossings near Laredo in a vehicle in April 2004 and on foot approximately two weeks thereafter.

The Court concurs with the probation officer's professional judgment that electronic monitoring and reliance on his non-English speaking wife to monitor any release conditions – including restrictions on travel to Mexico – will be insufficient to minimize the clear risk posed by the defendant's significant ties to Mexico, particularly now that he confronts prosecution for a major drug trafficking crime for which a prison term of at least ten years is mandated upon conviction. Clear and convincing evidence compels the conclusion that the defendant poses a serious risk of flight and that no condition or combination of conditions will reasonably assure his appearance as required and protect the community.

### Part III - Directions Regarding Detention

Therefore, it is ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending

appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

Done this 16th day of May, 2005.

                    **/s/ Delores R. Boyd**
                    DELORES R. BOYD
                    UNITED STATES MAGISTRATE JUDGE