IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No.: 2:05-CR-129-A |
| | ) | wo |
| TERESO RODRIGUEZ-LOPEZ | ) | |

## ORDER ON MOTION

    Pursuant to the assigned District Judge's consultation and authorization, the Magistrate Judge now considers Defendant's *Unopposed Motion for Continuance,* filed on July 6, 2005, along with *Waiver of Right to Speedy Trial* (Doc. 25), in the context of the Speedy Trial Act, 18 U.S.C.§3161. Indicted on May 25, 2005, Defendant was arraigned on June 8, 2005, with the arraignment order setting trial on the term scheduled to commence on August 29, 2005.

    While the granting of a motion for continuance is left to the sound discretion of the Court, the Speedy Trial Act places limits on that discretion. *See* 18 U.S.C. § 3161. Under the Act, the trial of a defendant must commence within 70 days of the date of the indictment or the date of the defendant's first appearance before a judicial officer, whichever is later. 18 U.S.C. § 3161(c)(1). *See United States v. Vasser*, 916 F.2d 624 (11th Cir. 1990). Excluded from this 70 day period is any continuance which a judge grants "on the basis of . . . findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A). Before granting a continuance, the court must consider among other factors "[w]hether the failure to grant [the] continuance . . . would be likely to . . . result in a miscarriage of justice." 18 U.S.C. § 3161(h)(8)(B)(I). *See also United States v. Wentland*, 582 F.2d 1022 (5th Cir. 1978). The court also must consider "whether the failure to grant such a continuance . . . would deny counsel for the defendant or the attorney for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(8)(B)(iv).

    On July 5, 2005, defense counsel filed a suppression motion which challenges the search and seizure of his vehicle on multiple grounds, including a claim of selective prosecution which will require an extended time for accumulation of statistical evidence, expert analysis, and hearing. In fact, defense counsel has already provided notice of difficulties in securing from the Alabama

Department of Transportation certain records deemed necessary for statistical analysis. *(Status Memorandum,* Doc. 27, July 7, 2005) The evidentiary hearing has been set for September 9, the earliest most practicable date. Post-hearing briefs are projected, and this court anticipates considerable time for analysis and recommendation. Thus, the District Judge's next term following the August 29, 2005, appears to be the most practicable term in order to permit a reasonable opportunity for counsel to complete evaluations of trial strategies and to engage in meaningful discussions regarding any mutually acceptable alternatives to trial. Absent such a continuance, counsel will be denied the reasonable time necessary – taking into account the exercise of due diligence – for effective trial preparation or other final disposition of this case.

Based upon the foregoing considerations of relevance, the court concludes, pursuant to 18 U.S.C. §3161(h)(8)(A), that the ends of justice served by continuing this case to the December 5, 2005, term outweigh the best interest of the public and the defendant in a speedy trial. **Accordingly,** Defendant's unopposed *Motion for Continuance* **is hereby GRANTED, and the jury selection and trial of this case are continued to the term commencing December 5, 2005, before Senior District Judge W. Harold Albritton.**

Done this 20th day of July, 2005.

/s/ Delores R. Boyd
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE