IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 2:05-CR-129-A |
| | ) | |
| TERESO RODRIQUEZ LOPEZ | ) | |

**ORDER ON ORAL MOTION**

At the scheduled hearing on the *Alabama Department of Public Safety's Motion for Hearing to Determine if Defendant is Entitled to Unredacted Documents and What Documents Defendant is Entitled to* (Doc. 35, filed August 18, 2005), the court received representations and arguments from Assistant Federal Defender Kevin Butler, Assistant United States Attorney Tommie Brown Hardwick, and Michael M. Robinson, Attorney for Department of Public Safety. After due consideration of all relevant issues, the court concludes that the Defendant's motion to compel the production of unredacted documents, made orally at the August 25, 2005 hearing, is due to be denied.

**I.**

In controversy is the scope of compliance by the Alabama Department of Public Safety (ADPS) with the defendant's subpoena on July 13, 2005, for production of –

    a.    Copies of all traffic citations, including ticket warnings, consent to search vehicle forms and offense reports, issued by Officer Jesse Peoples, on the I-65 corridor for the following time period: June 2002 through April 2005. Said witness is to produce the race, sex and age of person stopped, description of the vehicle stopped and the basis for the stop and if person was arrested as a result of Officer Peoples' stop.

    b.    Copies of all traffic stop report involving Trooper Peoples' request for the use of a drug dog.

Case 2:05-cr-00129-WHA-DRB    Document 41    Filed 08/26/2005    Page 2 of 5


Defense counsel acknowledged the representation by ADPS counsel Robinson that the requested traffic citations (269) and ticket warnings (516) have been delivered, and as shown by the documents produced for the court's inspection, they indicate, *inter alia*, the "race, sex, and age of the person stopped." ADPS counsel advised that the Department continues the process of retrieving the requested "consent to search vehicle" forms, "offense reports", and "requests for the use of a drug dog."

As represented by ADPS, "[t]he documents furnished were redacted in compliance with Title 18 USCS §2721 through §2725." Redacted for each motorist are the address, driver's license number, license number, and social security number. Although the furnished documents do include the motorist's race, persons who may be of Hispanic or Latino origin are categorized as "White" pursuant to an ADPS supervisory officer's interpretation of applicable regulations; defense counsel's review of the furnished records indicates a substantial number of motorists categorized as "White" whose last names suggest a Hispanic or Latino ethnicity. Accordingly, because the defendant, who is represented to be of Hispanic or Latino origin, seeks to document his claim of racial profiling, he seeks from this court an order that ADPS produce unredacted documents. If furnished addresses, driver's license numbers or social security numbers, defense counsel expects to utilize computer programs designed to identify the motorist's race; if unsuccessful, counsel expects to seek court authorization to attempt personal contacts with motorists in order to make that identification.

The United States maintains the position asserted since defendant's suppression motion filed July 5, 2005 (Doc. 25) specified a claim of racial profiling prohibited by the Equal Protection clause: the claim "has no substance [and] [d]efendant has given the Court no facts to support his racial profiling claim – only speculation." (Doc. 36, Aug. 19, 2005).

## II.

ADPS redacted the furnished records consistent with the prohibition at 18 U.S.C..§ 2721(a) on the release of "personal information" and "highly restricted personal information", as defined in 18 U.S.C.§ 2725, except for permissible uses which include use by "any court ... in carrying out its functions." In response to defense counsel's representation that in other cases involving the production of similar records, ADPS has provided unredacted records, ADPS submits that such disclosures, if made, were unauthorized by law.

The court weighs the confidentiality interests of motorists cited for traffic violations against this defendant's interest in acquiring records allegedly necessary to establish an equal protection claim asserted as the basis, in part, for suppressing illegal narcotics found on April 19, 2005, during a search of his vehicle attendant to a traffic stop near mile marker 163 on Interstate 65 by Alabama State Trooper Jesse Peoples. As the factual basis for his claim, the defendant's motion states, in relevant part:

> "Between January of 2000 and June 2002, Trooper Peoples sought consent to search vehicles . . . of individuals of Latino origin at a rate that was 28 times greater than their representation in the State of Alabama [and also] . . .issued warning tickets to persons of Hispanic or Latino origin at a rate 16 times greater than their representation in the State of Alabama." Additionally, counsel summarizes cases in 2000, 2001, 2002, 2003, and March 2005 as representative "of a small sampling of persons of Hispanic or Latino origin – represented by the Federal Defender's Office and private counsel – whose vehicles have been stopped by Trooper Peoples, [who] "employs similar and questionable methods in stopping and searching the vehicles."[1]

Assuming the court's grant of defendant's request for the unredacted records and assuming defendant's success in identifying the Hispanic or Latino origin of the 269 motorists cited and 516 motorists warned on traffic stops by Trooper Peoples between June 2002 and April 2005, any

---

[1] *Motion* at 2-3, Doc. 23.

statistical analysis based on this data will not be probative for the racial profiling claim. For any such claim to be viable in the "traffic stop" context asserted, the defendant must be able to demonstrate minimally, for comparative purposes, the total number of motorists in the pool for the period in question as well as their breakdown by race or ethnicity. Absent this relevant data on the motorists (those stopped and those not stopped), the fact that Hispanic or Latino motorists may be stopped by Trooper Peoples in a proportion seemingly out of line with their representation in the state of Alabama is hardly probative. It stretches credulity to suggest that credible expert or statistical evidence can establish that only Hispanics or Latinos residing in Alabama travel the interstate corridor in question; thus, merely comparing the percentage of motorists stopped to those residing within the state will not advance the claim.

Given the scheduled suppression hearing on September 9, 2005, this court has properly balanced the competing interests on this discovery issue by considering whether absent the requested records, the defendant will be severely prejudiced or lose the only available means of establishing a constitutional claim which is otherwise evidenced by more than speculation, conjecture, or good-faith belief. Analysis of the case law specifying the defendant's burden of proof on this claim[2] convinces the court that no such prejudice or harm will result and that no compelling cause has been presented for the exercise of judicial discretion to order production of the confidential information redacted by the ADPS. Accordingly, it is

---

[2] See *United States v. Armstrong*, 517 U.S. 456 (1996); *United States v. Smith*, 231 F. 3d 800 (11th Cir. 2000); United States v. Ford, No. 2:04cr0028 (M.D. Ala. July 5, 2005) (Doc. 46, July 5, 2005 Recommendation of Walker, Magistrate Judge; adopted July 28, 2005 by Fuller, Chief District Judge, Doc. 57).

**ORDERED** that *Defendant's oral motion to compel the Alabama Department of Public Safety to supplement its response to the July 13, 2005 subpoena* (attached to the ADPS Motion filed August 18, 2005, Doc.35) by supplying traffic citations and warning, offense reports, and search consent forms which have not been redacted with the motorist's address, driver's license, and social security number is hereby **DENIED.**

DONE this 26th day of August, 2005.

/s/ **Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE