### IN THE UNITED STATES DISTRICT COURT FOR THE
### MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **)** | |
| | **)** | |
| **v.** | **)** | **Case No.: 2:05-cr-129-A** |
| | **)** | |
| **TERESO RODRIGUEZ LOPEZ** | **)** | |

### MOTION FOR RECONSIDERATION OF ORDER DENYING DEFENDANT'S ORAL MOTION TO COMPEL PRODUCTION OF UN-REDACTED INFORMATION

**COMES NOW** the Defendant, Tereso Rodriguez Lopez (Mr. Rodriguez), by and through

undersigned counsel, Kevin L. Butler, and moves for reconsideration of the Magistrate Judge's

Order Denying Defendant's Oral Motion To Compel Production of Un-Redacted Information.

On July 7, 2005, undersigned counsel applied for a subpoena duces tecum to the Alabama

Department of Public Safety (ADPS).  On July 13, 2005, this Court ordered ADPS to provide

counsel for Mr. Rodriguez with:

a)      Copies of all traffic citations, including ticket warnings, consent to search vehicle forms
         and offense reports, issued by Officer Jesse Peoples, on the I-65 corridor for the following
         time period: June 2002 through April 2005.  Said witness is to produce the race, sex and
         age of person stopped, descriptions of the vehicle stopped and the basis for the stop and if
         person was arrested as a result of Officer Peoples' stop.

b)      Copies of all traffic stop reports involving Trooper Peoples' request for the use of a drug
         dog.

As stated in the Court's Order, the information and reports sought by the defense **were not**

**limited** to the race, sex and age of the person stopped.  Instead, the information sought was to

include this information.

On or about July 21, 2005, counsel for the ADPS informed undersigned counsel that the

information was available.[1]  Upon receipt of the documents on July 22, 2005, it was discovered

that the ADPS had redacted all identification information other than the name, sex and age of the

person stopped.  Additionally, all non-black individuals, including Hispanics, were identified as

white by Trooper Peoples.

Defense counsel then sought court ordered production of the redacted information.

Docket #33.  The ADPS asserted that pursuant to 18 U.S.C. § 2721, the information was required

to be redacted.  Docket #35.  After court-directed informal negotiations failed to resolve the

issue, on August 25, 2005, United States Magistrate Judge Delores  R. Boyd conducted a hearing

to determine if the defense was entitled to the information.

On August 26, 2005, the Magistrate Judge issued an order denying Mr. Rodriguez's

request for un-redacted documents. See Docket # 41.  The Magistrate Judge erroneously

concluded that under the  Driver's Privacy Protection Act of 1994 (DPPA), private information

gathered by law enforcement officers during the course of traffic investigations can not be

disclosed unless the Court determines that a defendant's need for the information outweighs the

privacy interests. Id.  Mr. Rodriguez appeals the Magistrate Judge's order.

## <u>Argument</u>

Pursuant to the DPPA, a state department of motor vehicles shall not knowingly disclose

or otherwise make available to any person or entity, personal information about any individual

obtained by the department of motor vehicles in connection with a motor vehicle record. See 18

U.S.C. § 2721(a).  The DPPA provides:

---

[1]    On August 31, 2005, J. Harlan Lowe, Attorney for the Department of Public
Safety, informed undersigned counsel that the requested consent to search forms and drug dog
reports would be provided on September 2, 2005.

"motor vehicle record" means any record that pertains to a motor vehicle operator's permit, motor vehicle title, motor vehicle registration, or identification card issued by a department of motor vehicles;

Therefore, a department of motor vehicles is prohibited from disclosing motor vehicle records obtained by the department of motor vehicles for the specific purposes listed above.   See 18 U.S.C. 2725(1).

The DPPA includes **absolutely no restrictions** upon Court ordered production of personal information obtained by law enforcement during the investigation of a traffic violation or  criminal activity.  Because the DPPA has no applicability to and contains no restrictions regarding the production of information gathered during traffic enforcement, the DPPA contains **absolutely no language** authorizing or requiring a court to conduct a balancing test regarding the need/necessity of the information versus privacy interests when reviewing issues regarding production of this information.  Additionally, no court has extended the provisions of the DPPA to information gathered by law enforcement during the investigation of traffic violations or criminal activity.

Simply put, the DPPA provides no authority for the State of Alabama to withhold personal information gathered as a result of law enforcement activity nor does it authorize a court to perform any balancing test when law enforcement information is properly requested in a criminal proceeding.

Even if information gathered by law enforcement during the course of a criminal investigation could be considered to be a "motor vehicle record," the act mandates production of such information in criminal proceedings.   18 U.S.C. § 2721(b)(4) provides that one of the permissible uses of "motor vehicle records" is:

> For use in connection with any civil, criminal, administrative, or arbitral
> proceeding in any Federal, State, or local court or agency or before any self-
> regulatory body, including the service of process, investigation in anticipation
> of litigation, and the execution or enforcement of judgments and orders, or
> pursuant to an order of a Federal, State, or local court.

Here, Mr. Rodriguez obtained a federal court order which required the ADPS to produce information in its possession for use in connection with this criminal proceeding in federal court. As this use is authorized under the statute, the information must be provided. However, after conducting a balancing test, this Court concluded that the information should not be produced. However, neither 18 U.S.C. § 2721(b)(4) nor any other section of the DPPA contains any language permitting a court to conduct any kind of balancing test when determining whether to compel enforcement with this statute.

As discussed *supra*, the DPPA is not applicable to identification information gathered pursuant to law enforcement activity. Nor does the DPPA create authorization for a court to apply a balancing test when determining whether to enforce a court order for the production of information.

However, if this Court concludes that 18 U.S.C. §§ 2721-2725 allows a court to apply a balancing test, this Court incorrectly determined that the defense did not need the information. In determining the defendant's "need" for the requested information, without allowing for the presentation of evidence, the Court prematurely determined that the defendant would not be able to prevail on his Equal Protection claim. Docket # 41 at 4-5. In doing so, this Court incorrectly assumed that the only evidence that will be presented by the defense is (1) evidence showing that Trooper Peoples has been involved in this Court in multiple cases involving Hispanics and (2) comparative evidence showing that Trooper Peoples' investigation of Hispanics is substantially

greater than Hispanics' representation in Alabama.   Docket # 41 at 4.  Because the Court pre-supposes no other evidence will be presented and that this evidence will not support an Equal Protection claim, the Court concludes that the defense does not need the un-redacted information sought by court order. Id.

Mr. Rodriguez is aware of the evidentiary burden placed upon a party raising an Equal Protection claim. See e.g., United States v. Armstrong, 517 U.S. 456 (1996); United States v. Smith, 231 F.3d 800 (11th Cir. 2000).  However, at the suppression hearing scheduled in this matter, the defense will call Dr. James H. Gundlach, Director and Professor of Sociology at Auburn University (Dr. Gundlach). Dr. Gundlach has 30 years of experience as a statistical professor, and he has been previously qualified as a court expert in statistical analysis.[2]  Dr. Gundlach will present evidence showing that through an analysis of both the data provided by ADPS and gathered by Dr. Gundlach and the defense (regarding vehicle travel and traffic on I-65), it can be shown that Trooper Peoples is selectively and specifically targeting Hispanics for issuance of warning tickets.  As the evidence requested will be of assistance in Dr. Gundlach's analysis, its production is not only mandated but necessary.

## Conclusion

As there is no authority for withholding the information requested, the defense respectfully renews its requests that this Court order the full and complete production of the information sought in the subpoena to the ADPS.

---

[2]      The United States Attorney was a party to the action in which Dr. Gundlach was called and is familiar with his qualifications.

Respectfully submitted,


s/ Kevin L. Butler
KEVIN L. BUTLER
First Assistant Federal Defender
201 Monroe Street, Suite 407
Montgomery, Alabama 36104
Phone: (334) 834-2099
Fax: (334) 834-0353
E-mail: kevin_butler@fd.org
AZ Bar Code: 014138

6

**IN THE UNITED STATES DISTRICT COURT FOR THE**
**MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **)** | |
| | **)** | |
| **v.** | **)** | **Case No.: 2:05-cr-129-A** |
| | **)** | |
| **TERESO RODRIGUEZ LOPEZ** | **)** | |

**CERTIFICATE OF SERVICE**

I hereby certify that on September 7, 2005, I electronically filed the foregoing with the

Clerk of Court using the CM/ECF system which will send notification of such filing to the

following:

Tommie Hardwick, Esquire
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, Alabama 36104

Respectfully submitted,

s/ Kevin L. Butler
KEVIN L. BUTLER
First Assistant Federal Defender
201 Monroe Street, Suite 407
Montgomery, Alabama 36104
Phone: (334) 834-2099
Fax: (334) 834-0353
E-mail: kevin_butler@fd.org
AZ Bar Code: 014138