IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 2:05-CR-129-A |
| | ) | WO |
| TERESO RODRIQUEZ LOPEZ | ) | |

**ORDER ON MOTION**

Defendant's *Motion for Reconsideration of Order Denying Defendant's Oral Motion to Compel Production of Un-Redacted Information* is GRANTED to the extent that it seeks reconsideration of this court's ORDER entered August 26, 2005 (Doc. 41).

**I.**

The arguments advanced in this *Motion for Reconsideration* do not differ materially from those asserted in the *Appeal of Magistrate Judge's Order Denying Defendant's Oral Motion to Compel Production of Un-Redacted Information*. (Doc. 42, Sept. 1, 2005).[1] Defendant persists in his view that this court's ruling rests on its interpretation that 18 U.S.C. 2725(1) either prohibits a court from ordering the requested production or directs the court to employ a "balancing of interests" test. Such is not the case.[2] The Defendant accurately states the statutory authorization for

---

[1] In fact, except for the introductory paragraph, the *Motion* recites verbatim the text at page 3 (commencing "*On July 7, 2005, undersigned counsel applied for a subpoena duces tecum.....etc*") through the text at page 4 up to the caption, "*Argument*"; the text at the bottom of page 4 (commencing *"Pursuant to the DPPA.. ."*) substantially through the text at page 7.

[2] Defendant argues, in pertinent part: "The DPPA includes absolutely no restrictions upon Court ordered production of personal information obtained by law enforcement during the investigation of a traffic violation or criminal activity. Because the DPPA has no applicability to and contains no restricts regarding the production of information gathered during traffic enforcement, the DPPA contains absolutely no language authorizing or requiring a court to conduct a balancing test regarding the need/necessity of the information versus privacy intersts when
(continued...)

a court to order the requested production.

It is precisely because the statute vests such discretion that this court provided an explanation for its ruling. The explanation is *not* that the court believes it is powerless to order the production or that it is *required* to balance any interests. Instead, the rationale can be stated plainly and simply as follows:

(a) the ADPS has complied substantially with the subpoena directed by producing records which reflect the indicators requested, most noticeably, the race of the offender;

(b) whether ADPS should have isolated the race of the offender in a manner which distinguished Hispanics from non-Hispanic Whites – a request not made in the subpoena – is not a question properly before this court;

(c) Defendant's request for additional un-redacted data stems solely from his apparent assumption that the records produced would documented racial status beyond the "white" and "black" categories indicated;

(d) having advanced in previous cases the same "selective profiling" theory involving the same state trooper and having requested the same data from ADPS, defendants had a duty to specify in the subpoena the information needed and the format desired for that information;

(e) at the pretrial conference which included extensive discussion on projected discovery and anticipated problems, this court encouraged defense counsel to confer promptly and directly with ADPS counsel *prior to issuance of a subpoena;*

---

[2](...continued)
reviewing issues regarding production of this information." (*Motion* at 5).

(f) while the defendant has a right to assert, and seek to maintain, any viable theory, this court has a duty to parties and non-parties always to weigh the merits of any disputed issue, including requests for discovery, and it is entirely appropriate for such an analysis to include all of the considerations specified in the court's initial order, including, but not limited to, the scheduled hearing date and the reasonable likelihood that the records produced will assist the defense. That duty is enhanced when the discovery dispute involves non-parties who have responded in apparent good-faith to the specific language of the subpoena.

This court has carefully re-considered arguments presented at the oral argument on this motion and the arguments now presented, all against the factual backdrop and legal context for the "selective profiling" claim asserted in the suppression motion. The only "new" fact related in Defendant's *motion for reconsideration* is his intent to solicit from a named expert at the suppression hearing "evidence showing that through an analysis of both the data provided by ADPS and gathered by [the expert] and the defense (regarding vehicle travel and traffic on I-65), it can be shown that Trooper Peoples is selectively and specifically targeting Hispanics for issuance of warning tickets." (*Motion* at 5). Far from *prejudging* the defendant's ability to carry his evidentiary burden, this court has fulfilled its duty of ascertaining and applying the relevant law; as applied to Defendant's evidentiary proffer, the law does not justify the discovery requested, but should the actual evidentiary showing demonstrate otherwise, the defendant may be provided an opportunity to supplement the evidentiary record.

## II.

Having duly reconsidered the matter, the court discerns no basis for vacating or modifying

its August 26, 2005 *Order* (Doc. 41).  Accordingly, it is

      **ORDERED** that the *Motion for Reconsideration* is **DENIED to the extent of its request "that this Court order the full and complete production of the information sought in the subpoena to the ADPS."**

    DONE this 8th day of September, 2005.


                                       **/s/ Delores R. Boyd**
                                       DELORES R. BOYD
                                       UNITED STATES MAGISTRATE JUDGE